# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 6, 2000 Session

## CUSTOM PACKAGING, INC. v. PATTI HOLLIDAY, ET AL.

**Direct Appeal from the Chancery Court for Knox County**
**No. 133995-2     Daryl Fansler, Chancellor**

### FILED JANUARY 19, 2001

### No. E2000-01744-COA-R3-CV

---

Custom Packaging, Inc., appeals a summary judgment granted against it in its suit seeking recovery on a sworn account for merchandise sold according to the complaint to "Patti Holliday, Ind. & d/b/a Repeat Fibre."   The Trial Court sustained Ms. Holliday's motion for summary judgment, finding there are no material disputed facts.  We vacate the judgment below and remand the case for further proceedings.

**Tenn.R.App.P.  3 Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

John E. Buffaloe, Jr., Nashville, Tennessee, for the Appellant, Custom Packaging, Inc.

John P. Newton, Jr., Knoxville, Tennessee, for the Appellee, Patti Holliday

### OPINION

Custom Packaging, Inc., appeals a summary judgment granted against it in its suit seeking recovery on a sworn account for merchandise sold according to the complaint to "Patti Holliday, Ind. & d/b/a Repeat Fibre."

The Trial Court was of the opinion that the sale was to Repeat, Inc., d/b/a Repeat Fibre, and as a result granted a summary judgment in favor of Ms. Holliday

The standard of review of summary judgment has recently been restated by our Supreme Court in Staples v. CBL & Associates, Inc., 15 S.W.3d 83, at page 89, as follows:

The standards governing the assessment of evidence in the summary judgment context are also well established.  Courts must view the evidence in the

light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

Ms. Holliday filed the following affidavit in support of her motion for summary judgment:

## AFFIDAVIT OF PATTI J. HOLLIDAY

Comes now the Defendant, Patti Holliday, and swears under oath to the following:

1. I, Patti Holliday, am an individual who resides at 3769 Summer Rose Drive, Chamblee, Georgia, 30341.

2. Repeat, Inc., is the name of the corporation I incorporated. It was chartered by the State of Tennessee on March 4, 1994.

3. I was the President of Repeat, Inc., at all times while the corporation was in existence.

4. The charter of incorporation was duly recorded in the Register of Deeds in Knox County on March 21, 1995.

5. The corporation existed from the date of inception until August 15, 1997 when the corporation was administratively dissolved.

6. The corporation used the tradename Repeat Fibre.

7. Over several months in 1995 and 1996, Repeat, Inc., ordered products from the Custom Packaging, Inc., as a part of doing ordinary business.

8. Many documents sent to Custom Packaging, Inc., carried the Repeat name and address including at least thirty-one (31) checks issued on the Nationsbank account for Repeat, Inc., and paid to the order of Custom Packaging for accounts payable. Letterhead, fax cover letters and envelopes, all with the Repeat, Inc., name and address were also sent to Custom Packaging, Inc.

9. When I, on behalf of Repeat, Inc., entered business transactions with Custom Packaging, Inc., it was for the purpose of purchasing products for

ordinary business use by the corporation. At no time did I represent to Custom Packaging, Inc., that the purchases were being made on behalf of myself as an individual.

10. At no time did I sign a personal guarantee for the debts being incurred on behalf of Repeat, Inc., nor was I ever asked to sign a personal guarantee by agents for Custom Packaging, Inc.

11. On August 15, 1997, the State of Tennessee notified me, as the registered agent for Repeat, Inc., that the corporation had been administratively dissolved when the State sent me a Certificate of Administrative Dissolution.

12. On November 20, 1998, Repeat, Inc., sought bankruptcy protection by filing a Chapter 7 bankruptcy petition, Case No. 98-35149 in the United States Bankruptcy Court for the Eastern District of Tennessee, Northern Division.

Responding thereto, Custom Packaging filed the affidavit of Gary West, "one of the owners of Custom Packaging," which reads as follows:

<u>AFFIDAVIT OF GARY WEST</u>

STATE OF TENNESSEE )
                              )
COUNTY OF WILSON )

Gary West, first being duly sworn, deposes and states as follows:

1. I am one of the owners of Custom Packaging, Inc. and am personally engaged in the operation and management of the business.

2. I know the defendant, Patti Holliday, having dealt with her personally in the course of business dealings between our company and her

3. Our company always dealt with Patti Holliday as an individual and we extended credit to her individually.

4. We never extended credit to a corporation known as Repeat, Inc.

5. Attached hereto are copies of outstanding invoices for this account and all of them are in the name of Repeat Fibre, not Repeat, Inc.

6. Attached to most of the invoices are delivery receipts showing the product was sold to Repeat Fibre and Patti Holliday.

7. We always believed that Patti Holliday and Repeat Fibre were one and the same and that Repeat Fibre was simply the name under which Patti Holliday was doing business. She is the person to whom we extended credit.

8. We will accept anyone's check, including cashier's checks and money orders for payment on an outstanding account, but that does not mean that we intended to grant credit to an entity just because we received their check as payment on someone else's account.

Further, the deponent saith not.

Documentary evidence was attached to both affidavits supporting the assertions contained therein.

Upon reviewing the record in accordance with the dictates of Staples, which requires us to accept as true Mr.West's affidavit as to disputed facts and indulging all reasonable inferences in favor of Custom Packaging, we conclude that it is reasonable to infer that the materials in question were sold to Ms. Holliday. We say this because in addition to Mr. West's affidavit, a number of the shipments had on the delivery receipt the following:

_____

SOLD TO


Repeat Fibre   Patti Holliday

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Patti Holliday.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE